IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DAVID LIEBERMAN,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **ALTOUNION CONSTRUCTION, INC.,** AN **ILLINOIS CORPORATION AND TODD ALTOUNION, INDIVIDUALLY** <br><br> Defendants. | **No.** 19-CV- <br><br> **District Judge** <br><br> <u>*JURY DEMAND*</u> |

## COMPLAINT

NOW COMES Plaintiff, **DAVID LIEBERMAN,** (the "Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson, and for her Complaint against Defendants, **ALTOUNION CONSTRUCTION, INC. AND TODD ALTOUNION** (each a "Defendant", collectively "the Defendants"), states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

2. Plaintiff also asserts a supplemental common law cause of action for retaliatory discharge.

### II.  JURISDICTION AND VENUE

3. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and state common law

cause of action. pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

4. Defendant, **ALTOUNION CONSTRUCTION, INC.,** is an Illinois corporation that owns and operates a construction business located at 13110 West Highway, Lake Bluff, Illinois, that provides wide-ranging construction services for commercial and residential customers. Defendant **ALTOUNION CONSTRUCTION, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **TODD ALTOUNION,** is the owner and President of **ALTOUNION CONSTRUCTION, INC.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer

6. Plaintiff, **DAVID LIEBERMAN,** is a former employee of Defendants who performed construction services for Defendants at their Lake Bluff location, who worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff was compensated for all hours at his straight-time regular rate of pay

including hours worked in excess of 40 per week. All other unnamed Plaintiffs known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7. The total amount of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

8. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

9. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**IV.** **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

10. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants'

3

failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

11. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

V. **FACTUAL ALLEGATIONS RELEVANT TO COUNTS I - IV**

12. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

13. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes herein relied upon.

14. Plaintiff, and members of the Plaintiff Class, were paid for all hours, including those in excess of (40) in a workweek, at his straight-time rate of pay instead of at time and one-half.

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

1-14. Paragraphs 1 through 14 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 14 of this Count I.

15. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-

half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

16. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count II.

17. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to

the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

18. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

**COUNT III**

**LIQUIDATED DAMAGES
UNDER THE FAIR LABOR STANDARDS ACT**

1-18. Paragraphs 1 through 18 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count III.

19. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed

ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

  20. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

  WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

  (a) awarding liquidated damages equal to the amount of all unpaid compensation;

  (b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

  (c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

  1-20. Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

  21. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

  22. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the

amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

23. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## VI. FACTUAL ALLEGATIONS RELEVANT TO COUNT V

24. On November 14, 2018, Plaintiff Lieberman punctured his thumb with a nail gun while performing work that was within the normal scope of Plaintiff's job duties with Defendants. The entire nail went inside Plaintiff's thumb. Plaintiff immediately informed his manager, Brad Luetje, of the injury to his thumb.

25. Plaintiff then left Defendants' work site to see a doctor at a nearby urgent care facility, where the doctor unsuccessfully attempted to remove the nail from Plaintiff's thumb.

26. Plaintiff returned to work the next day on November 15, 2018. On this day, Plaintiff was approached by Defendant Todd Altounion. Plaintiff described the injury and treatment to Defendant Altounion as described above. Defendant Altounion told Plaintiff to see his regular physician.

27. Following Defendant Altounion's instruction to see his regular doctor, Plaintiff asked Defendant Altounion about the worker's compensation benefits available for the injury and related past and future medical expenses. Defendant Altounion told Plaintiff to submit all medical expenses related to his work injury through his personal medical insurance carrier. Plaintiff complied to avoid causing trouble with his employer.

28. Following the conversation with Defendant Altounion, Plaintiff saw his regular doctor, who referred Plaintiff's injury to a hand surgeon.

29. Plaintiff continued to work for the Defendants between November 15 and November 27.

30. On November 28, 2018, Plaintiff underwent successful surgery on his thumb to remove the nail. Plaintiff, under the direction of the surgeon and his doctor, took two work days off. Plaintiff returned to work at Defendants' work site on December 3, 2018.

31. Plaintiff submitted all medical expenses to his personal insurance carrier, as instructed by Defendant Altounion.

32. On or about December 3, 2018, Plaintiff's insurance company asked Plaintiff if his injury was sustained at work or on personal time. Plaintiff truthfully reported that his injury was sustained at work.

33. Approximately on December 4, following the above exchange, Plaintiff's insurance carrier contacted Defendant Altounion and forwarded all bills arising from

9

Plaintiff's injury to Defendants to be processed through Defendants' worker's compensation policy.

34. On or about December 16, 2018, Plaintiff's manager, Brad Luetje, approached Plaintiff at work and questioned him as to why Defendants received medical bills from Plaintiff's personal insurance carrier when he was specifically instructed by Defendants to submit such bills through his own carrier. Plaintiff replied that the insurance company asked where he injured himself and told Defendants that he truthfully informed the insurance company that he was injured at work. Mr. Luetje then told Plaintiff that this won't go well for him and stormed off. Plaintiff then asked why, and Mr. Luetje retorted that Plaintiff went behind Defendant Altounion's back by having his medical bills forwarded to Defendants. Mr. Luetje then ordered Plaintiff to get a work release letter from the urgent care doctor Plaintiff initially visited after sustaining the injury.

35. On December 17, 2018, Plaintiff came to work and was approached by Mr. Luetje, who was holding the work release letter the urgent care facility had emailed directly to Defendants. Mr. Luetje again admonished Plaintiff for having his medical bills sent to the Defendants. Plaintiff explained that he did not want to lie to the insurance carrier and that he was entitled to the worker's compensation benefits. Mr. Luetje then told Plaintiff he was fired and that he should leave immediately.

36. Immediately following the above exchange, Plaintiff then went to speak with Defendant Altounion in Defendant Altounion's office about his termination. Defendant Altounion told Plaintiff that if Mr. Luetje had indeed fired him, that he was in fact fired and should leave the premises. Plaintiff collected his things and left.

## COUNT V

## COMMON LAW CAUSE OF ACTION – RETALIATORY DISCHARGE

### DAVID LIEBERMAN vs. ALTOUNION CONSTRUCTION, INC. AND TODD ALTOUNION, INDIVIDUALLY

24-36. Paragraphs 24 through 36 are re-alleged and incorporated as though set forth fully herein as paragraphs 24 through 36 of this Count V.

37. In direct contravention of the public policy of the state of Illinois, Defendants improperly discharged Plaintiff:

    a) immediately following a work-related injury that occurred while Plaintiff was performing duties squarely within the scope of Plaintiff's employment;

    b) after Plaintiff's personal insurance carrier forwarded Plaintiff's medical bills to Defendants for submission to Defendants' worker's compensation policy upon learning that Plaintiff sustained his injury at work;

    c) after Defendants received a work release letter from the urgent care treatment facility that initially examined Plaintiff;

38. Defendants discharged Plaintiff in anticipation of and to prevent Plaintiff from exercising his rights under the Workers' Compensation Act, 820 ILCS §305/1, *et seq.*, and to further prevent Plaintiff from engaging in the protected activity of filings for worker's compensation benefits.

39. As a result of Defendants' willful deprivation of his rights and privileges under state law, Plaintiff suffered substantial harm and incurred costly fees and expenses.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding actual damages and compensation which Plaintiff has suffered;

(b) awarding back pay equal to the amount of all wages lost by Plaintiff as a result of the retaliatory acts complained of herein;

(c) awarding prejudgment interest with respect to the total amount of all lost wages;

(d) awarding punitive damages against Defendants in an amount in excess of One Million Dollars ($1,000,000);

(e) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of filing and prosecuting this action; and

(f) for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 2/13/2019*

*s/John W. Billhorn*
_____
John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450