IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LIEBERMAN, on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>ALTOUNION CONSTRUCTION, INC., an Illinois Corporation and TODD ALTOUNION, individually,<br><br>Defendants. | Case No. 19-cv-0910<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for step-one notice of his Fair Labor Standards Act collective action [40]. For the reasons set forth below, Plaintiff's motion for step-one notice [40] is granted with the modifications specified below.

**I. Background**

Plaintiff David Lieberman ("Lieberman") brings this putative collective action against his former employer, Defendant Altounion Construction, Inc. ("Altounion") and Altounion owner and President, Todd Altounion (collectively "Defendants"), for alleged violations the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendant Altounion is a construction business in Lake Bluff, Illinois. (Am. Compl., Dkt. 26). Lieberman claims that he and other similarly situated Altounion hourly employees regularly worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half. (*Id*. ¶ 13). Lieberman seeks authorization to send notice

to Altounion current and former hourly employees that were employed by Defendants at any time after February 2016.

Named Plaintiff Lieberman was employed by Defendants at their Lake Bluff facility as a millworker from approximately July 2016 to December 2018. (Lieberman Decl. (Dkt. 41-6, Exh. F) ¶ 2). According to his declaration, during the entirety of his employment, he was paid hourly, even though he worked in excess of 40 hours per week during many weeks of his employment at Altounion. (*Id.* ¶¶ 3–4). Based on his knowledge from his own experience and from viewing payroll records produced by Defendants, Lieberman stated that Defendants had "a common practice of paying all hourly employees only their straight time hourly rates of pay for all hours worked in a workweek, including overtime-eligible hours in excess of 40." (*Id.* ¶ 6).

**II.  Standard**

Section 216(b) of the FLSA "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). Because FLSA lawsuits cannot proceed as class actions, "they are opt-in representative actions." *Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551, 553 (7th Cir. 2016). District courts have "wide discretion" in deciding how such collective actions proceed. *Alvarez*, 605 F.3d at 449 (citing *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170–72 (1989)).

In this District, courts employ a two-step process. At step one, the conditional certification stage, a plaintiff "must show that there are similarly situated employees

2

who are potential claimants." *See Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008). "The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). Plaintiff's burden is to make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Russell*, 575 F. Supp. 2d. at 933; *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855 (N.D. Ill. 2013) (requiring "modest factual showing of common, unlawful conduct and [] some indication of harm to employees."). To decide whether plaintiffs meet this burden, courts employ a "lenient interpretation" of the term "similarly situated". *Ivery v. RMH Franchise Corp.,* 280 F. Supp. 3d 1121, 1133 (N.D. Ill. 2017).

To meet the modest factual showing standard, plaintiffs must provide "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, 2016 U.S. Dist. LEXIS 177177, at *1 (N.D. Ill. Dec. 22, 2016) (internal quotations omitted). However, conditional certification is not automatic and to proceed as a collective action, plaintiffs must "demonstrate similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated; an identifiable factual nexus that binds the plaintiffs together as victims of a

3

particular violation of the overtime laws generally must be present." *Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 33703, at *2 (N.D. Ill. Mar. 16, 2016) (citations omitted). If plaintiffs can show that other potential plaintiffs are similarly situated, the court may conditionally certify the case as a collective action and allow notice of the case to be sent to similarly situated employees who may then opt in as plaintiffs. *Grosscup v. KPW Mgmt.*, 261 F. Supp. 3d 867, 870 (N.D. Ill. 2017).

Importantly, the merits are not decided at this stage—the court "does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman*, 949 F. Supp. 2d at 855–56 (citation omitted). The second step of the two-step process is more stringent; "following the completion of the opt-in process and further discovery, the defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell*, 575 F. Supp. 2d at 933 (internal quotations and citations omitted).

### III. Analysis

At the hearing before this Court on October 7, 2019, defense counsel stated that Defendants did not object to conditional certification generally, but objected because they believed the scope of the proposed class was too broad. The Court gave Defendants ample time to file a response brief to articulate the basis for their objection. (*see* Dkt. 24). No response brief was filed nor did Defendants request any extension. Therefore based on a review of Lieberman's motion for conditional

certification and the accompanying attachments, applicable case law, as well as Local Rule 78.3, the Court grants Lieberman's motion for conditional certification subject to the modifications to the proposed notice described below.

### A. Modest Factual Showing Standard Met

Although Defendants objected at the hearing to the scope of the proposed class, the Court finds Lieberman has met the standard to show he and potential collective action members are similarly situated. At this stage, the Court does not need to resolve factual disputes or decide substantive issues. *See Larsen v. Clearchoice Mobility, Inc.*, 2011 U.S. Dist. LEXIS 80899, at *1 (N.D. Ill. July 25, 2011). At step *two*, "[d]iscovery will permit the parties to show which putative class members, if any, are exempt, and which are not." *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 842 (N.D. Ill. 2016). Now, the Court is "tasked only with determining whether it can 'envision a scenario' where Plaintiffs and potential collective action members are similarly situated." *Slaughter v. Caidan Mgmt. Co.*, LLC, 317 F. Supp. 3d 981, 989 (N.D. Ill. 2018).

The allegations in the complaint and sworn affidavit show that Lieberman has made the required "modest factual showing." Therefore, for purposes of step one, Lieberman have established that Defendants' policies and practices may violate the FLSA as to Plaintiff and other similarly situated employees.

### B. Notice and Consent Form

Turning to Lieberman's proposed notice and consent form, Lieberman defines the class members as "all current and past hourly employees who have worked for

Altounian Construction at their Lake Bluff, Illinois location at any time since February 13, 2016." (Exh. G, Dkt. 41-7). The Consent to Join the FLSA Collective Action form is also attached as Exh. G. (Dkt. 41-7). Lieberman asks that he be permitted to immediately begin sending out Notice of this action according to his proposed schedule and terms described in his memorandum in support of the motion and attached Exhibit G.

After reviewing Lieberman's proposed notice, the Court requires the following changes before it will approve sending the notice and the proposed schedule:

- Lieberman should correct the spelling of Altounion.

- The oversized lettering at the beginning of the notice must be changed so that the font size throughout is the same to maintain neutrality and avoid the appearance of attorney solicitation. *See Gonzalez v. J. Salerno & Son, Inc.*, 2017 U.S. Dist. LEXIS 76029, at *13 (N.D. Ill. May 18, 2017); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) ("the Seventh Circuit has instructed that courts must be careful not to create an 'apparent judicial sponsorship of the notice.'") (citation omitted).

- The sentence stating that the Court has not yet decided "whether Altounion's practice of paying its hourly employees their straight time rates for all hours was improper" on page 1 should be revised to state, and in bold font, "The Court has not yet made a decision on the merits of this case." *See id.*

- Under "What are my options?" and "File a consent form", Lieberman must add the following language, "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court." *See Russell*, 575 F. Supp. 2d at 939.

- The Court finds the sentence on page 1, "However, your legal rights pertaining to Altounian Construction's pay practices may be affected by your decision whether to join this case" to be vague and also unnecessary in light of the explanation in the rest of the notice. That sentence should be deleted.

- With regard to distribution, any email notice must be such that the notices are attached as a .pdf file instead of in the body of the email. *See Slaughter*, 317 F. Supp. 3d at 994.

## IV. Conclusion

For the stated reasons, Plaintiff's motion for step-one notice of his Fair Labor Standards Act collective action [40] is granted subject to the above-stated modifications ordered by the Court. On or before 12/17/19, Plaintiff shall submit to the court's proposed order box (Proposed_Order_Rowland@ilnd.uscourts.gov), a revised Notice form for the Court's review. The Court will then rule on approval of the finalized notice and distribution schedule. Status hearing set for 2/20/20 at 9:30am.

E N T E R:

Dated: December 2, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge