IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LIEBERMAN, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | No. 19-cv-0910 |
| Plaintiff, | **Honorable District Judge Rowland** |
| v. | Honorable Magistrate Judge Kim |
| ALTOUNION CONSTRUCTION, INC., AN ILLINOIS CORPORATION AND TODD ALTOUNION, INDIVIDUALLY | ***JURY DEMAND*** |
| Defendants. | |

**PLAINTIFF'S MOTION TO STAY
DISCOVERY DURING FLSA NOTICE AND OPT-IN PERIOD**

NOW COMES Plaintiff, David Lieberman, by his attorneys of record, and for his Motion To Stay or Extend Discovery During the FLSA Notice and Opt-In Period, state as follows:

1. On February 13, 2019, Plaintiff filed his Complaint, asserting Defendants failed to pay him and those similarly situated overtime pay for hours worked in excess of forty (40) in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq*. Plaintiff has also asserted an individual common-law claim for retaliatory discharge following his termination and suffering a work-related injury. (CM/ECF No. 1).

2. On August 1, 2019, Plaintiff filed his First Amended Complaint. (CM/ECF No. 26). Defendants answered Plaintiff's First Amended Complaint on October 4, 2019. (CM/ECF No. 47).

3.  On August 22, 2019, this case was reassigned to the Honorable Mary M. Rowland from the Honorable Charles P. Kocoras.

4.  On September 25, 2019, counsel for Plaintiff appeared for status following reassignment to this Court. Counsel for Defendants did not appear. Counsel for Plaintiff discussed the case to date, including written discovery that Plaintiff had issued to Defendants. Plaintiff's counsel noted that Defendants had delayed their responses to discovery which resulted in motion practice before Judge Kocoras. (CM/ECF Nos. 21, 25). This Court extended the fact discovery deadline to January 15, 2020. (CM/ECF No. 39).

5.  Also on September 25, 2019, Plaintiff's counsel also informed the Court that Plaintiff would be moving for FLSA stage-one conditional certification and notice to the putative class. This Court ordered that Plaintiff file his motion for conditional certification by October 3, 2020. (CM/ECF No. 39). Plaintiff filed his motion for conditional certification and supporting materials on October 2, 2020. (CM/ECF No. 40-41).

6.  On October 7, 2019, this Court entered a briefing schedule on Plaintiff's Motion for stage-one conditional certification set to conclude on November 18, 2019. (CM/ECF No. 48). Defendants did not submit a brief in opposition to Plaintiff's motion for conditional certification or otherwise make its position known to Plaintiff's counsel or this Court such that the entire timeframe of the briefing schedule was absorbed.

7.  On December 2, 2019, following the briefing schedule, this Court granted Plaintiff's motion for stage-one certification and notice to the putative class subject to modifications. (CM/ECF No. 50.). Plaintiff submitted a revised notice to this Court consistent with the Court's instructions, which was approved on December 11, 2019. (CM/ECF No. 51).

8. In the time following this Court's full approval of stage-one certification and notice, Plaintiff's counsel has acted diligently to obtain all class information from Defendants, prepare the notice and consent forms and complete other administrative tasks related to the notice. The Notice and Consent forms were sent to the putative class on January 6, 2020 and the period is scheduled to close March 6, 2020.[1]

9. In FLSA collective action cases, it is not until after stage-one conditional certification is granted that significant discovery is to take place in order to further investigate and litigate the claims of the Plaintiffs and Plaintiff Class based on the merits. See *Jirak v. Abbott Labs., Inc.*, 566 F.Supp.2d 845, 848 (N.D. Ill. 2008) (It is not until the second step of the certification process (which follows the completion of the opt-in process and discovery), where courts analyze whether "there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis"). See also *Creal v. Group O, Inc.*, 155 F.Supp.3d 831, 837 (N.D. Ill. 2016) (noting once an FLSA collective action is conditionally certified discovery follows during the second stage of conditional certification).

10. For example, if the scope of the Plaintiff Class changes significantly between now and the close of the opt-in period, some discovery requests contemplated by Plaintiff may become irrelevant, moot, require considerable supplementation, amendment or a change in strategy all together, causing further delay or disputes. Additionally, Plaintiff may find after the Plaintiff Class is finalized that additional discovery may need to be issued or conducted as to the opt-in plaintiffs.

---

[1] The mailing of Plaintiff's notices was delayed due to a dispute with Defendants regarding an initial insufficient class list that a) was not produced in Excel format b) did not include class members' phone numbers and c) did not include class members' email addresses. See **Exhibit A**.

11.     Furthermore, any deposition testimony taken of any of Plaintiff, opt-in Plaintiffs or Defendants may become redundant if taken prior to the closure of the opt-in period. Additionally, deposition testimony of any named Defendants relative to only the current named Plaintiff may become redundant or duplicative if taken prior to completion of the opt-in period. Should depositions of Plaintiff, Defendants or opt-in Plaintiffs become necessary, it should occur as part of the second stage of the FLSA collective action process.

12.     A stay of fact discovery until a time following the conclusion of the opt-in period will allow the Parties time to evaluate the potential for class-wide settlement, which if successful, would render fact discovery moot and save the Parties the time and expense of conducting such additional fact discovery in this fee-shifting matter, all resources that could be dedicated to resolution.

13.     One prior extension has been requested by Plaintiffs or otherwise ordered by this Court. (CM/ECF No. 36). At this stage, the Parties are currently engaged in the FLSA notice and opt-in period, which will absorb approximately 60 days. The case will not be delayed by granting the extension.

14.     Lastly, Plaintiff notes that throughout the duration of this case, and as of the date this motion was filed, Defendants have yet to issue Plaintiff any written discovery or requests for deposition testimony. Plaintiff respectfully requests that any relief granted by this Court apply only to Plaintiff and the developing Plaintiff Class.

WHEREFORE, Plaintiff, respectfully requests this Court to grant his Motion To Stay Fact Discovery During the FLSA Notice and Opt-In Period, as described above, and to set a date for the Parties to appear for a status hearing approximately 14 days after completion of the opt-in period to discuss the results of the opt-in period, the outlook of fact discovery and for such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    *Electronically Filed 01/10/2020*

    *s/Samuel D. Engelson*

    Samuel D. Engelson
    Attorney for Plaintiff
    and those similarly situated,
    known and known

    BILLHORN LAW FIRM
    53 West Jackson Blvd., Suite 401
    Chicago, IL 60604