IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LIEBERMAN, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) | Nᴼ. 19-cv-0910 |
| | ) | |
| Plaintiff, | ) ) | **Honorable Mary M. Rowland Presiding** |
| v. | ) ) | |
| | ) | Honorable Magistrate Judge Kim |
| ALTOUNION CONSTRUCTION, INC., AN ILLINOIS CORPORATION AND TODD ALTOUNION, INDIVIDUALLY | ) ) ) | |
| | ) ) | *JURY DEMAND* |
| Defendants. | ) | |

JOINT MOTION FOR APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

NOW COME the Parties, by their respective counsel, and in support of their Joint Motion

For Approval of Fair Labor Standards Act (FLSA) Settlement Agreement, state as follows:

1.    All Parties in the captioned action respectfully move this Court to approve the

proposed settlement reached by the Parties and memorialized in the Mutual General Release and

Settlement Agreements (the "Settlement Agreements" or "Settlements") attached as group **Exhibits**

**1-7**.

2.    The Parties respectfully submit that the proposed Settlements of the Plaintiffs'

FLSA claims are fair and reasonable. The Settlements were achieved during lengthy negotiations

among the Parties and conducted by experienced counsel.

3.    The Settlements achieve both sides' primary objectives. For Plaintiffs, the

Settlements ensures Plaintiffs will be paid promptly for wages they allege are due them. For

Defendants, the Settlements ensures finality of those claims and offers Defendants the ability to

resolve these claims without admission of liability or wrongdoing.

1

4.      All Plaintiffs in the Lawsuit executed or will execute identical Agreements with identical language other than their individual settlement amounts. Those Agreements are attached. The difference in the amounts as between settling Plaintiffs is largely due to these factors:  a) length of employment within the statutory period allowed under the FLSA (three (3) years), and; b) the individual wage rate paid during the relevant time period.

5.      If approved by the Court, the Settlements will reimburse Plaintiffs for the alleged unpaid wages. In exchange, those FLSA claims will be dismissed first without prejudice, and then after terms of the Agreement are satisfied, with prejudice.

6.      The proposed Settlement is subject to approval by the Court. As explained below, Court approval is warranted on all scores. In the Seventh Circuit, parties typically request a court of competent jurisdiction to approve the settlement, in order to ensure a valid and enforceable release of an FLSA claim. *See*, *e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor,* 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001).  When reviewing a proposed FLSA settlement, the district court should scrutinize the settlement and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

7.      In light of these realities, the Parties believe that the Settlement is the best way to resolve the disputes between them relating to the FLSA claims, and, given the contested nature of the underlying litigation, the Court should likewise conclude that the Settlement is fair. See *Lynn's Food Stores, Inc*., 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a

litigated FLSA case resulting in settlement as indicia of fairness); *Roberts v. Apple Sauce, Inc.*, No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'") (internal citations omitted).

8.      Furthermore, in reviewing the record and evaluating the strength of the case to determine whether a proposed FLSA settlement is "a fair and reasonable resolution of a bona fide dispute over [the application of the] FLSA['s] provisions," *Lynn's Food Stores, Inc.*, 679 F.3d at 1355, courts consider the following non-exclusive factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC,* No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011). In this instance, the Settlement meets all applicable factors considered by courts, rendering it fair and reasonable.

9.      As an initial matter, the Settlements appropriately factored in the complexity, risk, expense, likely duration of the litigation, and the range of reasonableness of the settlement fund in light of the best possible recovery. Namely, the Parties reached a settlement after exchanging adequate discovery to perform the necessary calculations to determine the potential range of recovery in this case.

10.     Moreover, the Settlements are not the product of fraud or collusion. Instead, the Settlements were reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims.  Counsel for the Parties are experienced in complex class and collective action litigation and have represented clients in numerous wage and hour class and collective actions. Additionally, counsel for the Parties were thoroughly familiar with the facts and legal issues when settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable.

11.     The Settlement distributions are fair, reasonable, and adequate. As a part of the scrutiny it applies to an FLSA settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington- Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). In the present case, the Settlement Agreements are fair and just as determined by a review of Defendant's time records and as negotiated by counsel.

12.     The attorney fee-shifting principles of the FLSA have been honored in these negotiations and this settlement and are reflected in the Agreements upon which Plaintiffs seek approval. As reflected in the attached Agreements, the Parties have fully resolved all issues related to Plaintiffs' attorneys' fees.  Plaintiffs herein request the Court to approve those fees in the aggregate of $50,085.00, reflecting the following reasonable hourly rates of Plaintiffs' counsel and paraprofessional: Jodi S. Hoare (paralegal), $145.00 per hour; Samuel D. Engelson (Associate Attorney), $300 per hour, and; John W. Billhorn (Senior Attorney), $575 per hour.

4

## **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering an Order Approving Settlement and dismissing the matter without prejudice, to be converted to with prejudice within 14 days after final payment is tendered.

WHEREFORE, the Parties hereby request this Court to enter an Order consistent with the relief sought herein, and for such relief as the Court deems appropriate under the circumstances.

Respectfully submitted,


 /s/ John W. Billhorn                           
John W. Billhorn (# 6196946)
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 410
Chicago, IL 60604
(312) 853-1450
jbillhorn@billhornlaw.com

*Attorney for Plaintiffs*


*/s/* Parker E. Lawton (*with permission*)
Parker E. Lawton
Robbins Salomon & Patt, Ltd.
180 N. LaSalle St., Ste. 3300
Chicago, IL 60602
312-782-9000
plawton@rsplaw.com

*Attorney for Defendants*


Dated: July 10, 2020